**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Glenn Cornell Worley,<br><br>　　　Plaintiff,<br><br>vs.<br><br>Correctional Medical Services, et al.,<br><br>　　　Defendants. | No. CV 12-440-PHX-RCB (MEA)<br><br>**ORDER** |

On March 1, 2012, Plaintiff Glenn Cornell Worley, who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In an April 23, 2012 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On May 30, 2012, Plaintiff filed his First Amended Complaint (Doc. 8). The Court will order Defendant Fredrickson to answer Count I of the First Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

**TERMPSREF**

1  a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
2  § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
3  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
4  be granted, or that seek monetary relief from a defendant who is immune from such relief.
5  28 U.S.C. § 1915A(b)(1), (2).

6  A pleading must contain a "short and plain statement of the claim *showing* that the
7  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not
8  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
9  unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
10 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
11 statements, do not suffice." Id.

12 "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
13 claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
14 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
15 that allows the court to draw the reasonable inference that the defendant is liable for the
16 misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
17 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
18 experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
19 allegations may be consistent with a constitutional claim, a court must assess whether there
20 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

21 But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
22 must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th
23 Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
24 than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,
25 94 (2007) (*per curiam*)).

26 **II.    First Amended Complaint**

27 In his five-count First Amended Complaint, Plaintiff sues the following Defendants:
28 Dental Provider Dr. Fredrickson, Dr. Michael Vigil, Facility Health Administrator Dennis

TERMPSREF                                    - 2 -

Kendall, and Arizona Department of Corrections Director Charles Ryan.

In Count I, Plaintiff alleges that his Eighth Amendment rights were violated when Defendant Fredrickson refused to perform a root canal on Plaintiff.  Plaintiff states that Defendant Fredrickson was aware of the severity of Plaintiff's dental issue but informed Plaintiff that a root canal was not an option after he discovered that Plaintiff is serving a life sentence.  Plaintiff claims that as a result of Defendant Fredrickson's actions, he developed a cyst which burst and then spread an infection to Plaintiff's tongue and inner cheek. Another dentist provided Plaintiff with a root canal several months later.

In Count II, Plaintiff alleges that his Eighth Amendment rights were violated when, during a medical visit, Defendant Vigil refused to allow Plaintiff to present all of his medical issues.  Plaintiff states that he informed Defendant Vigil he wanted to discuss at least six medical concerns and that Defendant Vigil told him to "choose three."  Plaintiff argues that Defendant Vigil demonstrated a lack of concern for Plaintiff's health and that his conduct was "less than professional."

In Count III, Plaintiff claims that his Eighth Amendment rights were violated when Defendant Kendall failed to assign Plaintiff an HIV trained healthcare provider.  Plaintiff claims that Defendant Kendall's actions led to a 120-day delay in Plaintiff's receipt of medications and a significant decline in Plaintiff's health during that time.

In Count IV, Plaintiff alleges that his Eighth Amendment rights were violated when Defendant Ryan denied Plaintiff's medical grievance appeals.  In Count V, Plaintiff claims that Defendant Ryan violated Plaintiff's Eighth Amendment rights by failing to adequately manage the provision of medical services to inmates.

Plaintiff seeks injunctive relief and money damages

**III.    Failure to State a Claim**

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429

1  U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating
2  that failure to treat the condition could result in further significant injury or the unnecessary
3  and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.
4  Jett, 439 F.3d at 1096 (quotations omitted).

5  "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051,
6  1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know
7  of and disregard an excessive risk to inmate health; "the official must both be aware of facts
8  from which the inference could be drawn that a substantial risk of serious harm exists, and
9  he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate
10 indifference in the medical context may be shown by a purposeful act or failure to respond
11 to a prisoner's pain or possible medical need and harm caused by the indifference.  Jett, 439
12 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally
13 denies, delays, or interferes with medical treatment or by the way prison doctors respond to
14 the prisoner's medical needs.  Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

15 Deliberate indifference is a higher standard than negligence or lack of ordinary due
16 care for the prisoner's safety.  Farmer, 511 U.S. at 835.  "Neither negligence nor gross
17 negligence will constitute deliberate indifference." Clement v. California Dep't of
18 Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter
19 Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or
20 "medical malpractice" do not support a claim under § 1983).  "A difference of opinion does
21 not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v.
22 Vild, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is
23 insufficient to state a claim against prison officials for deliberate indifference.  See Shapley
24 v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference
25 must be substantial.  The action must rise to a level of "unnecessary and wanton infliction
26 of pain." Estelle, 429 U.S. at 105.

27 **A.     Count II**
28 Plaintiff claims, in Count II, that Defendant Vigil allowed Plaintiff to only discuss

1  three of Plaintiff's six medical issues during a March 25, 2011 medical visit. Plaintiff has
2  not demonstrated that Defendant Vigil was deliberately indifferent to Plaintiff's serious
3  medical needs. Plaintiff has not described the medical needs that were overlooked during
4  the visit, nor has he alleged that any delay in treatment from being required to address other
5  medical issues at a later visit resulted in injury. The Court will dismiss Count II for failure
6  to state a claim.

### B. Count III

Plaintiff's allegations in Count III–that Defendant Kendall failed to assign an HIV trained healthcare provider to Plaintiff–fail to state a claim. Plaintiff has not alleged facts showing that Defendant Kendall was deliberately indifferent to Plaintiff's serious medical needs. Plaintiff has shown, at most, that Defendant Kendall may have acted negligently. This is insufficient to state an Eighth Amendment medical claim and the Court will dismiss Count III.

### C. Count IV

The mere denial of a grievance does not give rise to the inference of active unconstitutional behavior. Where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (2000). Accordingly, Plaintiff's claim that Defendant Ryan denied his medical grievance appeals fails to state a claim. The Court will dismiss Count IV.

### D. Count V

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S.

1  658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List,
2  880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens
3  and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the
4  official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

5  Accordingly, to the extent that Plaintiff claims Defendant Ryan failed to adequately
6  manage and supervise healthcare providers, he has failed to state a claim.

7  To the extent that Plaintiff claims Defendant Ryan has established an inadequate
8  system for the provision of medical care to inmates, he has also failed to state a claim.
9  Plaintiff does not allege that Defendant Ryan was deliberately indifferent to serious medical
10 needs because he has not demonstrated that Defendant Ryan is aware of inadequacies in the
11 medical care system but has failed to act appropriately. The Court will dismiss Count V for
12 failure to state a claim.

13 **IV.    Claims for Which an Answer Will be Required**

14 Liberally construed, Plaintiff has stated an Eighth Amendment medical claim against
15 Defendant Fredrickson in Count I. The Court will require Defendant Fredrickson to answer
16 Count I.

17 **V.    Warnings**

18 **A.    Release**

19 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
20 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
21 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
22 in dismissal of this action.

23 **B.    Address Changes**

24 Plaintiff must file and serve a notice of a change of address in accordance with Rule
25 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
26 relief with a notice of change of address. Failure to comply may result in dismissal of this
27 action.

28 . . .

**C.     Copies**

Because Plaintiff is currently confined in ASPC-Eyman and this case is subject to General Order 12-15, Plaintiff is not required to serve Defendants with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4.  If Plaintiff is transferred to a prison other than ASPC-Eyman, he will be notified of the requirements for service and copies for the Court that are required for inmates whose cases are not subject to General Order 12.15.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Counts II, III, IV, and V are **dismissed** without prejudice.

(2)     Defendants Vigil, Kendall, and Ryan are **dismissed** without prejudice.

(3)     Defendant Fredrickson must answer Count I of the First Amended Complaint (Doc. 8).

(4)     The Clerk of Court must send Plaintiff a service packet including this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendant Fredrickson.

(5)     Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6)     If Plaintiff does not either obtain a waiver of service of the summons or

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

TERMPSREF

- 7 -

1   complete service of the Summons and First Amended Complaint on Defendant within 120
2   days of the filing of the Complaint or within 60 days of the filing of this Order, whichever
3   is later, the action may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

4   (7)   The United States Marshal must retain the Summons, a copy of the First
5   Amended Complaint, and a copy of this Order for future use.

6   (8)   The United States Marshal must notify Defendant of the commencement of this
7   action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
8   Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.  **The**
9   **Marshal must immediately file signed waivers of service of the summons.  If a waiver**
10  **of service of summons is returned as undeliverable or is not returned by Defendant**
11  **within 30 days from the date the request for waiver was sent by the Marshal, the**
12  **Marshal must**:

13  (a)   personally serve copies of the Summons, First Amended Complaint, and
14  this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil
15  Procedure; and

16  (b)   within 10 days after personal service is effected, file the return of service
17  for Defendant, along with evidence of the attempt to secure a waiver of service of the
18  summons and of the costs subsequently incurred in effecting service upon Defendant.
19  The costs of service must be enumerated on the return of service form (USM-285) and
20  must include the costs incurred by the Marshal for photocopying additional copies of
21  the Summons, First Amended Complaint, or this Order and for preparing new process
22  receipt and return forms (USM-285), if required.  Costs of service will be taxed
23  against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules
24  of Civil Procedure, unless otherwise ordered by the Court.

25  (9)   **If Defendant agrees to waive service of the Summons and First Amended**
26  **Complaint, Defendant must return the signed waiver forms to the United States**
27  **Marshal, not the Plaintiff.**

28  (10)  Defendant must answer the First Amended Complaint or otherwise respond by

TERMPSREF                              - 8 -

appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11)   This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 28th day of July, 2012.

_____
Robert C. Broomfield
Senior United States District Judge