**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Glenn Cornell Worley,<br><br>  Plaintiff,<br><br>vs.<br><br>Correctional Medical Services, et al.,<br><br>  Defendants. | No. CV 12-440 PHX RCB (MEA)<br><br>**O R D E R** |

On March 1, 2012, Plaintiff Glenn Cornell Worley, who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In an April 23, 2012 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On May 30, 2012, Plaintiff filed his First Amended Complaint (Doc. 8). In a July 30, 2012 Order, the Court ordered Defendant Fredrickson to answer Count I of the First Amended Complaint and dismissed the remaining claims and Defendants without prejudice.

On September 27, 2012, Plaintiff filed a Motion for Reconsideration and attached a proposed Second Amended Complaint to the Motion. Plaintiff also filed, on the same date, a "Notice re: Complaint for Negligence" (Doc. 14).

1	"Motions to reconsider are appropriate only in rare circumstances." Defenders of
2	Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "The purpose of a motion
3	for reconsideration is to correct manifest errors of law or fact or to present newly discovered
4	evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Such motions
5	should not be used for the purpose of asking a court "'to rethink what the court had already
6	thought through – rightly or wrongly.'" Defenders of Wildlife, 909 F. Supp. at 1351
7	(quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va.
8	1983)).

9	The Court has reviewed the First Amended Complaint, the Order of dismissal, and
10	Plaintiff's Motion for Reconsideration. The Court finds no basis to reconsider its dismissal
11	of claims in the July 30th screening Order. The Court will therefore deny Plaintiff's Motion
12	for Reconsideration.

13	To the extent that Plaintiff seeks leave to file a second amended complaint, the Court
14	will also deny the Motion. Plaintiff's proposed Second Amended Complaint does not
15	contain all of Plaintiff's claims for relief. Specifically, the dental claim which the Court sent
16	forward in the July 30, 2012 Order is not included and it is unclear whether Plaintiff intends
17	to abandon this claim. Further, the only Defendant named in the proposed Second Amended
18	Complaint is the State of Arizona. Under the Eleventh Amendment to the Constitution of the
19	United States, a state or state agency may not be sued in federal court without its consent.
20	Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880
21	F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of
22	section 1983." Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991)
23	(citation omitted). Accordingly, the State of Arizona is not a proper defendant.

24	To the extent that Plaintiff intends his September 27, 2012 Notice to add a claim for
25	medical negligence to this action, the Court will deny the Notice. Plaintiff states that he
26	intends to bring his claims under the Eighth Amendment. To state an Eighth Amendment
27	medical claim, a plaintiff must show that the defendants acted with "deliberate indifference
28	to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting

1  Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  "Deliberate indifference is a high legal
2  standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate
3  indifference, a prison official must both know of and disregard an excessive risk to inmate
4  health; "the official must both be aware of facts from which the inference could be drawn
5  that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer
6  v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate indifference is a higher standard than
7  negligence or lack of ordinary due care for the prisoner's safety.  Farmer, 511 U.S. at 835.
8  "Neither negligence nor gross negligence will constitute deliberate indifference."  Clement
9  v. California Dep't of Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also
10 Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference,"
11 "negligence," or "medical malpractice" do not support a claim under § 1983).  Accordingly,
12 negligent acts do not support an Eighth Amendment medical claim.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn with respect to only the September 27, 2012 Motion for Reconsideration and Notice.  All other matters will remain with the Magistrate Judge.

(2) Plaintiff's September 27, 2012 Motion for Reconsideration (Doc. 13) and Notice (Doc. 14) are **denied**.

DATED this 21st day of November, 2012.

_____
Robert C. Broomfield
Senior United States District Judge