WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Glenn C. Worley,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>Correctional Medical Services, et al.,<br><br>　　　　　　Defendants. | No.  CV 12-0440-PHX-RCB<br><br>**O R D E R** |

Plaintiff Glenn Cornell Worley, an inmate confined by the Arizona Department of Corrections (ADC), filed this *pro se* civil rights action. (Doc. 8.) Defendant Fredrickson moved for summary judgment, and the Court granted the motion. (Doc. 34.) Plaintiff now moves to Alter or Amend the Judgment. (Doc. 36.)

The Court will deny the motion.

**I.    Motion to Alter or Amend Judgment**

　　**A.    Background**

Plaintiff's sole claim was for violation of his Eighth Amendment right to dental care when Defendant, Dr. Fredrickson, D.D.S., refused to perform a root canal on Plaintiff, insisting instead that Defendant extract the tooth. (Doc. 8.) Plaintiff claimed that as a result of Defendant's actions, Plaintiff developed a cyst that burst and then spread an infection to his tongue and inner cheek. Another dentist provided Plaintiff with a root canal several months later. (*Id.*)

1       The Court granted summary judgment to Defendant, finding that Plaintiff failed to create a triable issue of fact as to deliberate indifference for refusing to perform a root canal on tooth #19 or to provide antibiotics. (Doc. 34 at 4.) The Court also found that Plaintiff failed to provide admissible evidence that he had a ruptured cyst that was caused by infection in tooth #19. (*Id.*)

      The Court found that it was undisputed that Defendant saw Plaintiff for dental care several times and determined that tooth #19 could not be filled and needed to be extracted. (Doc. 34 at 5-6.) Plaintiff refused the extraction several times and alleged that on May 5, 2011, he asked Defendant about having a root canal through outside treatment and that Defendant then asked him how long he would be here. Plaintiff further alleged that when he said he has a life sentence, Defendant said that no outside care was available. (*Id.* at 6.)

      The Court observed that it is well-settled that a difference of medical opinion is insufficient to establish deliberate indifference, and to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the course of treatment the doctors chose was medically unacceptable in light of the circumstances and that it was chosen in conscious disregard of an excessive risk to plaintiff's health. (*Id.* at 7, citing *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). Plaintiff offered no admissible expert evidence that the treatment option offered by Defendant was medically unacceptable under the circumstances.

      Likewise, Plaintiff offered no admissible evidence that Defendant was deliberately indifferent for failing to prescribe an antibiotic to treat the tooth; Defendant attested that an antibiotic is not indicated for a chronic, low-grade infection; rather, antibiotics are for acute infections that are intended to be resolved by extraction or root canal treatment within 10 days and that there are other considerations when a patient is HIV+ as is Plaintiff. In addition, there was no evidence that the infected tooth caused a cyst or spread of infection. (*Id.* at 7-8.)

### B. Discussion

"There are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law." *Turner v. Burlington Northern Santa Fe. R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Federal Rule of Civil Procedure 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. No. 1J, Multnomah County v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

In his Motion to Alter or Amend Judgment, Plaintiff argues that the Court should view evidence in the light most favorable to the non-moving party and that he believes favorable review was not considered. (Doc. 36 at 1.) He does not specify what evidence he believes was not so viewed, but the Court specifically noted in its decision that "even if Defendant stated that no outside care was available after Plaintiff disclosed his life sentence, this is insufficient to create a triable issue of fact as to deliberately indifferent treatment." (Doc. 34 at 6.) Plaintiff offered no medical evidence that the care he received was unacceptable under the circumstances. Plaintiff also asks for an opportunity to testify and time to obtain a declaration from a "possible witness." (Doc. 36 at 2.) Not only is his offer vague, Plaintiff was specifically advised in writing of the evidentiary

1  requirements of a motion under Federal Rule of Civil Procedure 56 and failed to provide
2  the necessary evidence.  (Doc. 24.)
3  　　　　The Court finds that Plaintiff offers nothing to justify altering or amending the
4  judgment.
5  　　　　**IT IS ORDERED** that Plaintiff's Motion to Alter or Amend the Judgment
6  (Doc. 36) is **denied**.  **The Clerk of Court is directed to accept no further filings in this**
7  **case except in connection with an appeal.**
8  　　　　DATED this 21st day of October, 2013.

_____
Robert C. Broomfield
Senior United States District Judge